UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER FREELAND, on his own behalf,
ROSELYN FREELAND, on her own behalf,
and as mother and next friend of REX FREELAND
a minor with severe brain damage,

          Plaintiffs,

vs.                                       No.   99-1500 MV/WWD ACE

THE UNITED STATES OF AMERICA,

          Defendant.

### PLAINTIFFS' PROPOSED CONCLUSIONS OF LAW

1.    New Mexico substantive law applies to the facts of this case.

2.    The Court has jurisdiction of this action under 28 U.S.C. §2671 et seq., and 28 U.S.C. §1346.

3.    Plaintiffs have complied with the administrative requirements of the Federal Tort Claims Act.

4.    Jerome Holbrook is a dentist employed by Defendant United States of America.

5.    Michael Steele is a certified registered nurse anesthetist employed by Defendant United States of America.

6. The United States is liable for damages resulting from the negligence of its employees.

7. On May 10, 1999 Jerome Holbrook and Michael Steele each undertook to provide care to Rex Freeland.

8. Dentist Jerome Holbrook and Nurse Michael Steele were negligent in the care and treatment they provided to Rex Freeland.

9. The negligence of Jerome Holbrook and Michael Steele proximately caused profound, permanent brain injury to Plaintiff Rex Freeland.

10. At all times material Dr. Holbrook had primary responsibility for the care and treatment provided to Rex Freeland.

11. As a direct and foreseeable consequence of the injuries to Rex Freeland, his parents and his siblings have also suffered personal injury, loss of consortium.

12. Statements made by employees of Defendant United States constitute admissions by a party opponent within the meaning of Federal Rule of Evidence 801(d)(2).

13. Plaintiffs are entitled to judgment against the Defendant for damages which resulted from the negligence of the employees of the Defendant United States of America, as follows:

   A. Past medical care: the cost of providing medical and medical related care to Rex Freeland from the time of injury until the time of trial has been $400,000.00.

   B. Future medical care: the cost of obtaining appropriate medical and

medical related care, including licensed nursing care at home, for Rex Freeland is $282,393.00 per year, if the family lives in Albuquerque, New Mexico. If the family moves to Phoenix, Arizona, this cost will be considerably greater. This cost will increase at approximately 3-4% per year after discounting to present value. Over Rex Freeland's life expectancy, the cost of his care (assuming he is living in Albuquerque, New Mexico) will be $12,300,866.00, discounted to present value.

    C.    Cost of purchasing a home: the cost of purchasing a home in which Rex can be cared for appropriately by his family and by licensed care givers, is approximately $180,000.00, including the necessary modifications.

    D.    Lost earning capacity: the value of Rex Freeland's lost earning capacity is $865,945.00, reduced to present value.

    E.    Lost household services: the value of the household services which have been lost is $240,295.00, reduced to present value.

    F.    Conscious pain and suffering: the value of the conscious pain and suffering experienced by Rex Freeland while he was being suffocated is $1,000,000.00.

    G.    Loss of enjoyment of life: the value of the loss of enjoyment of life suffered by Rex Freeland is $3,000,000.00.

    H.    Loss of consortium of Roselyn Freeland: the value of the loss of consortium suffered by Roselyn Freeland is $1,000,000.00.

    I.    Loss of consortium of Roger Freeland: the value of the loss of

consortium suffered by Roger Freeland is $1,000,000.00.

  J. Loss of consortium of Rex Freeland's siblings: Rex Freeland's siblings - Rodricana Freeland, Roderick Freeland, Roshanda Freeland, Roxanda Freeland, Yolanda Freeland, Rolanda Freeland, Terrance Chia, and Shannon Chia - each suffered loss of consortium valued at $100,000.00.

  14. New Mexico Jury Instruction 13-1114 (NMRA 1978) establishes that a doctor is liable for the negligence of a nurse when the doctor has the right to control the manner in which the details of the particular activity giving rise to the injury are performed and the particular activity giving rise to the injury is being performed under the immediate and direct supervision of the doctor.

  15. Jerome Holbrook, were he practicing as a dental oral surgeon as a private individual in the state of New Mexico would be considered the "captain of the ship" and would be liable for any negligence attributed to nurse anesthetist Michael Steele.

  16. Under New Mexico Statute 61-3-23.3C (NMRA 1978), a certified registered nurse anesthetist such as Michael Steele can function only under the direction of and in collaboration with a licensed physician, osteopathic physician, dentist or podiatrist licensed in New Mexico pursuant to Chapter 61, Article 5A, 6, 8 or 10 NMSA 1978 in performing the advance practice of nurse anesthesia care.

  17. Roger Freeland and Roselyn Freeland are responsible for the medical care expenses incurred by Rex Freeland.

  18. Michael Steele is licensed in New Mexico as a certified registered nurse anesthetist.

4

19. Under New Mexico Law, if they were acting as private individuals rather than as employees of the Federal Government, Dr. Holbrook and Nurse Steele would be jointly and severally liable for all injuries and damages which resulted from their negligence. NMSA (2000) 41-3A-1(C)(2):

> "The doctrine imposing joint and several liability shall apply to any persons whose relationship to each other would make one person vicariously liable for the acts of the other, but only to that portion of the total liability attributed to those persons."

20. The Federal Tort Claims Act does not impose any limitation on damages.

21. The New Mexico Medical Malpractice Act does not apply to dentists; no dentist, whether in the private sphere or an employee of the Federal Government, can become a "qualified healthcare provider," as defined in the New Mexico Medical Malpractice Act.

22. The New Mexico Medical Malpractice Act does not apply to any employees of the United States Government who have not become "qualified healthcare providers" according to the terms and requirements of the NMMMA.

23. The limitation on damages provision of the New Mexico Medical Malpractice Act violates provisions of the Constitution of the State of New Mexico and of the Constitution of the United States of America.

24. Defendant United States of America has admitted in paragraph 17 of its Answer to the Complaint "Mr. Steele and Dr. Holbrook removed the endotracheal tube."

25. Dr. Holbrook has admitted in his deposition that:

    A. He admitted Rex to the hospital;

    B. He was responsible for Rex's care;

C.   He did the surgery;

D.   He went with Rex to the ICU;

E.   Rex Freeland was still his patient during the transport;

F.   That he was responsible for Rex's care throughout his hospital stay;

G.   It was a joint decision (between himself and Mr. Steele) to remove the endotracheal tube.

MOFFAT & DICHARRY
Attorneys for Plaintiffs
1005 Luna Circle NW
Albuquerque, NM 87102
(505) 242-2774

_____
STEPHEN MOFFAT

We hereby certify that a true and accurate copy of the foregoing pleading was mailed to opposing counsel this ____6____ day of April, 2001.

_____
STEPHEN MOFFAT

6