IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

```
                                              01 JUN -5 AM 10:35
ROGER FREELAND, on his own behalf,
ROSELYN FREELAND, on her own behalf,
and as mother and next friend of REX FREELAND,
a minor with severe brain damage,

          Plaintiffs,

     vs.                              Civil No. 99-1500 MV/WWD

THE UNITED STATES OF AMERICA,

          Defendant.
```

### DEFENDANT'S REQUESTED FINDINGS OF FACT

1. At the time at issue herein, Roger Freeland no longer lived with Rex Freeland and Rex's mother, Roselyn Freeland.

2. A leak test was performed in the operating room after surgery which indicated that Rex Freeland could breath on his own and did not require ventilation.

3. Rex Freeland attempted to remove his endotracheal tube in the operating room.

4. Dr. Holbrook was concerned that Rex Freeland might extubate himself in the ICU and that there would not be enough room to reintubate him.

5. Rex Freeland was properly monitored during his transport from the operating room to the ICU.

6. The manner in which Rex Freeland was transported from the operating room to the ICU and the manner in which he was monitored met the applicable standard of care.



7. Upon arrival in the ICU, Rex Freeland's oxygen saturation before extubation was 99 percent.

8. Upon arrival in the ICU, Rex Freeland's heart rate was in the 120 range.

9. Upon arrival in the ICU, Rex Freeland's respiratory rate was faster than normal, normal being around 12 to 16.

10. Prior to extubation, a leak test was performed by Nurse Steele indicating Rex Freeland could breath without mechanical assistance.

11. Prior to extubation, both Dr. Holbrook and Nurse Steele felt that Rex Freeland could be safely extubated given Rex Freeland's vital signs and status.

12. Nurse Steele was primarily responsible for the management of Rex Freeland's airway.

13. The removal of the endotracheal tube was not a negligent act.

14. The removal of the endotracheal tube under these circumstances met the applicable standard of care for oral surgeons and certified registered nurse anesthetists.

15. Rex Freeland was reintubated in a timely manner.

16. Dr. Holbrook at all times met the applicable standard of care in his care and treatment of Rex Freeland.

17. Dr. Holbrook's acts were not negligent.

18. Nurse Steele at all times met the applicable standard

of care in his care and treatment of Rex Freeland.

19. Nurse Steele's acts were not negligent.

20. At all times material, Defendant and its employees possessed and applied the knowledge and used the skill and care ordinarily used by reasonably well-qualified hospitals, clinics, physicians, and other health care providers of the same type and specialty giving due consideration to the locality involved.

21. Rex Freeland's condition is as a result of an unavoidable medical complication for which Defendant is not liable.

22. Rex Freeland does not have a normal life expectancy.

23. Rex Freeland's life expectancy is approximately 8.5 or less additional years.

24. Rex Freeland's median survival time is 5.1 or less additional years.

25. The cost of obtaining care for Rex Freeland in a nursing home is approximately $88,187 to $92,518 per year.

26. The present value of obtaining care for Rex Freeland in a nursing home is approximately $798,252 given his life expectancy.

27. Rex Freeland will not require licensed nursing care twenty-four hours per day for the rest of his life.

28. Rex Freeland's family members can be trained to take care of him at home with assistance periodically from a skilled nurse.

29. An alternative plan for home care with family providing Rex Freeland's care would cost approximately $104,340 to $118,575 for the first year and $98,640 to $112,875 per year after that.

30. The value of Rex Freeland's lost earning capacity can be estimated variously at $269,898 or $67,742, using two different sets of conditions.

31. There is no value of loss of household services for Rex Freeland.

32. Roger Freeland is not entitled to recovery for loss of consortium.

33. Roselyn Freeland is not entitled to recovery for loss of consortium.

34. The Plaintiffs' claim for the cost of purchasing a home is not a recoverable element of damages.

35. Rex Freeland suffered no conscious pain and suffering.

Respectfully submitted,

NORMAN C. BAY
United States Attorney

PHYLLIS A. DOW
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274

I HEREBY CERTIFY that on June 4, 2001, the foregoing document was mailed to counsel for Plaintiff, Stephen Moffat, Esq., Moffat & Dicharry, 1005 Luna Circle, N.W., Albuquerque, New Mexico 87102.

PHYLLIS A. DOW
Assistant U.S. Attorney

N:\PDow\Freeland\findings.fact.wpd